MANDATE

05-00030
USDC/RI
Lagueux, J

# United States Court of Appeals
## For the First Circuit

No. 06-1063

UNITED STATES OF AMERICA,
Appellee,

v.

JUAN GUERRERO,
Defendant, Appellant.

Before

Lipez, Circuit Judge,
Campbell, Senior Circuit Judge,
and Howard, Circuit Judge.

**JUDGMENT**

Entered: January 9, 2007

In his plea agreement, defendant Juan Guerrero waived his right to appeal from his sentence as long as the court sentenced him within or below the guideline range, as determined by the court. Despite that waiver, he now appeals from his within-guidelines sentence. For the reasons discussed below, we enforce the waiver and dismiss the appeal.

A waiver of appellate rights is presumptively valid and enforceable if a "defendant enter[ed] into it knowingly and voluntarily." United States v. Teeter, 257 F.3d 14, 25 (1st Cir. 2001). To determine whether a waiver of appeal in a plea agreement is knowing and voluntary, the court "look[s] first to confirm that the written plea agreement signed by the defendant contains a clear statement elucidating the waiver and its scope," id. at 24, and then examines the transcript of the change-of-plea hearing "to ascertain whether the court's interrogation suffices to ensure that the defendant freely and intelligently agreed to waive h[is] right to appeal h[is] forthcoming sentence," id.

Here, there is no need to undertake this two-fold inquiry, however, since Guerrero's brief makes no claim that his appeal waiver was unknowing or involuntary. In any event, the waiver here was clear and unequivocal, and the court amply explained and