**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| | |
|---|---|
| United States District Court | District |
| Name (under which you were convicted): JUAN GUERRERO | Docket or Case No.: 1:05CR00030-01L |
| Place of Confinement: FCI PETERSBURG,P.O.BOX, 90043,PETERSBURG,VA.23804 | Prisoner No.: 33264-013 |
| UNITED STATES OF AMERICA v. | Movant (include name under which you were convicted) JUAN GUERRERO |

**MOTION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging: UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

   (b) Criminal docket or case number (if you know): 1:05CR00030-01L

2. (a) Date of the judgment of conviction (if you know): SEPTEMBER 10, 2005

   (b) Date of sentencing: DECEMBER 13th 2005

3. Length of sentence: 188 months

4. Nature of crime (all counts): count one:conspiracy to distribute more than 5 grams of cocaine base,in violation of 21 U.S.C.§ 841 (a) (B) and 21 U.S.C.§ 846.

5. (a) What was your plea? (Check one)

   (1) Not guilty ☐ (2) Guilty ☒ (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? ( PLEAD GUILTY TO SINGLE COUNT INDICTMENT )

6. If you went to trial, what kind of trial did you have? (Check one) Jury ☐ Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? Yes ☐ No ☒

8. Did you appeal from the judgment of conviction? Yes ☒ No ☐

9. If you did appeal, answer the following:

(a) Name of court: THE UNITED STATES APPEALS COURT FOR 1st circuit

(b) Docket or case number (if you know): 06-1063

(c) Result: court enforced appeal waiver,dimissed appeal.

(d) Date of result (if you know): January 9th,2007

(e) Citation to the case (if you know): ________

(f) Grounds raised: Wherther court should enforce the appeal waiver clause and dismiss the appeal ?

Ground(2) Whether the sentence imposed (at the very bottom of the guideline sentencing range )was reasonable in any event?

(g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☒ No ☐

If "Yes," answer the following:

(1) Docket or case number (if you know): 06-1063

(2) Result: Petition was denied with out being reviewed.

(3) Date of result (if you know): ________

(4) Citation to the case (if you know): ________

(5) Grounds raised: Does career offender guideline 4b1.1 violate 18 USC §3553(a) by not allowing consideration of the offense seriousness of offense,and just punishment for the offense as sentence determining factors when applied to a defendant whose offense involve a low or small amount ,thereby making such career offender sentence unreasonable?

...waiver of appeal the right to reasonableness review

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ☐ No ☒

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: ________

(2) Docket or case number (if you know): ________

(3) Date of filing (if you know): ________

(4) Nature of the proceeding: none

(5) Grounds raised: no

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ☐ No ☒x

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: none

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ☐ No ☒x

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition: Yes ☐ No ☒x

(2) Second petition: Yes ☐ No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: none

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts and law supporting each ground.

GROUND ONE: PLEASE SEE ATTACHMENT(MEMORANDUM)

(a) Supporting facts and law (State the specific facts and law that support your claim.):

SEE ATTACHED MEMORANDUM(

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No XX

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐XX

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know): NONE

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☒X

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☒X

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: ______

**GROUND TWO:** SEE ATTACHMENT(MEMORANDUM IN SUPPORT OF)

(a) Supporting facts and law (State the specific facts and law that support your claim.):

SEE ATTACHMENT (MEMORANDUM IN SUPPORTOF)

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒X

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ~~n/a~~ none

Name and location of the court where the motion or petition was filed: none

Docket or case number (if you know): ~~none~~

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available): none

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐x

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ~~none~~

Date of the court's decision: none

Result (attach a copy of the court's opinion or order, if available): none

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: ______

**GROUND THREE:** ______

(a) Supporting facts and law (State the specific facts and law that support your claim.):

PLEASE SEE ATTACHMENT (MEMORANDUM IN SUPPORT)

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: ______

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: NONE

Name and location of the court where the motion or petition was filed: NONE

Docket or case number (if you know): NONE

Date of the court's decision: NONE

Result (attach a copy of the court's opinion or order, if available): NONE

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: NONE

Docket or case number (if you know):

Date of the court's decision: NONE

Result (attach a copy of the court's opinion or order, if available): NONE

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: NONE

**GROUND FOUR:** NONE

(a) Supporting facts and law (State the specific facts and law that support your claim.):

NONE

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: NONE

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: NONE

Name and location of the court where the motion or petition was filed: NONE

Docket or case number (if you know): NONE

Date of the court's decision: NONE

Result (attach a copy of the court's opinion or order, if available): NONE

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: NONE

Docket or case number (if you know): NONE

Date of the court's decision: NONE

Result (attach a copy of the court's opinion or order, if available): NONE

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: ____________________

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: ____________________

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging? Yes ☐ No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. ____________________

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Attorney Matthew B Smith
1206 Westminister street St.Providence Rhode Island

(b) At arraignment and plea: same

(c) At trial: same

(d) At sentencing: same

(e) On appeal: same

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes ☐ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No ☐

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes ☐ No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.* ______________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: VACATE SENTENCING, OR REMAND WITH INSTRUCTION FOR EVIDENTIARY HESARING.

or any other relief to which movant may be entitled.

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on 11-19-07 (month, date, year).

Executed (signed) on ____________ (date).

JUAN GUERRERO

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. ____________

*****

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JUAN GUERRERO

CR.# 05-30L

V.

UNITED STATES OF AMERICA

PETITIONER MEMORANDUM OF LAW AND FACTS IN SUPPORT OF HIS 2255 MOTION HEREIN:

Comes now petitioner, (Juan Guerrero) pro Se, moves this Honorable Court to grant this 2255, or in the alternative, grant an evidentiary hearing to determine if petitioner's Sixth Amendment rights to ineffective assistance of counsel were reduced below the "STRICKLAND" standard as required.

Evenmore, petitioner will show that the sentenced that was imposed upon him exceeded above the reasonable of the crime that he was convicted for. This is petitioner's first 2255 motion, so the government cannot argue that this motion should be construed as successive or second 2255. Nor can it be argue that this 2255 motion is untimely filed where the Supreme Court declined to hear petitioner's certiorari from his direct appeal on which was filed on February 26,2007.

THEREFORE, with all due respect, petitioner's request, with no delay, that the government attempt to show cause why this motion should not be granted.

STATEMENT OF THE CASE

On September 21,2005, petitioner plead guilty to Count one of the indictment charging him with conspiracy to distribute more than five grams...... of cocaine base in violation of 18 USC 846 and 18 USC 841 (a)(1) and (b)(1)(B). In his written pleas agreement, both parties stipulated that the offense involved between five and twenty grams of cocaine base.

The government's factual basis alleged that petitioner discussed distributing seven to ten grams of cocaine base with another person during a phone conversation recorded under a court approved wiretap. Petitioner was stopped and searched by law enforcement after this conversation but no drugs were found.

the court asked petitioner what he thought his guideline range would be and petitioner's responded "70 to 80 months". This was based on what was told to petitioner by his counsel and estimated the offense level of 26 for between five and twenty grams of cocaine based adjusted to level 23 by acceptance of responsibility for a guideline range of 70 to 87 months.

Neither the court nor the written plea agreement advised petitioner that he would be sentenced as a career offender. A presentence report was prepared which classed petitioner as a career offender with an offense level of 34 adjusted to 31 and a guideline range of 188 to 235 months.

The court adopted the psr and sentenced petitioner to 188 months. Petitioner filed a direct appeal, and the First Circuit Court of appeals affirmed the district court decision, and denied the appeal on January 9,2007.

GROUND ONE:

DEFENSE COUNSEL FAILURE TO SECURE PROTECTION AGAINST "ACTUAL CONFLICT OF INTEREST" WHICH COUNSEL CREATED, RENDERED HIS SERVICE INEFFECTIVE OF COUNSEL:

Petitioner's counsel admitted in open court that "he mislead petitioner into agreeing into the pleas agree by promises petitioner's that he will not be enhanced. Petitioner's would have never entered into any plea knowing that by pleading he would have received same sentence that he could have received by going to trial, or less. Counsel failed to protect petitioner Sixth Amendment to counsel's respresentation free from untrammeled, unimpaired and unrestained where his loyalty to his client must be undivided. Not so in this case here, this case here was controlled by coercive influence from counsel lacks of understanding concerning the guidelines and enhancements for sentencing. In interpreting a plea agreement, a court must first look to the defendant's reasonable understanding at the time he/she entered the plea. When a plea rest in any significant degree on a promise or agreement, fair play is the essence of due process.

In addressing an ineffective assistance claim alleging conflict of interest, court does not apply the Strickland two-pronged test, but, rather, a more lenient standard that does not require a showing of prejudice. Conflict of interest, which resulted in denial of effective assistance of counsel to defendant, warranted automatic reversal of convictions.

This court must agree that counsel's predicament created an actual conflict of interest and that, therefore, petitioner's was denied effectiveness assistance of counsel.

The Sixth Amendment to the United States Constitution, as a safeguard necessary to ensure fundamental human rights of life and liberty, guarantee to any criminal defendant the right to have the assistance of counsel. The Supreme Court has explained that "the right to counsel is the right to the effective assistance of counsel". Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052,2063,80 Led.2d 674, 692(1984)."This right has been accorded,[the Supreme Court] has said, not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial". Mickens v. Taylor, 535 U.S. 162, 166, 122 S.Ct. 1237, 1240, 152 Led.2d 291, 300 (quoting United States v. Cronic, 466 U.S. 648,658, 104 S.Ct. 2039, 2046, 80 Led.2d 657,667 (1984).

Moreover, This court have stated that the constitutional right to counsel, under the Sixth Amendment includes to right to have counsel's respresentation free from conflict of interest.(citing Wood v. Georgia, 450 U.S. 261, 271, 101 S.Ct. 1097,1103, 67 Led.2d 220, 230(19810. The conflict of interest attached at the moment when trial counsel,as an officer of the court, admitted that his client was mislead by him which caused petitioner's to entered such plea. In certain Sixth Amendment contexts, prejudice is presumed. Actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice. Therefore this cause for an evidentiary hearing.

GROUND TWO:

INEFFECTIVE ASSISTANCE OF COUNSEL
FAILURE TO INVESTIGATE /GUITY PLEA:

Petitioner was convicted on the basis of guilty plea that was product by ineffective assistance of counsel failure to investigate. This violated petitioner's right to counsel and to due process of law, as guranteed by Amendments 5,6, and 14th to the United States Constitution. see Hill v. Lockhart, 474 U.S.52,88 L.ed 2d 203,106 S.Ct. 366.

SUPPORTING FACTS:

Defense counsel failed to investigate petitioner's criminal history, with knowing that it would be a potential issue in this case. Instead, petitioner counsel's made late perfunctory objections to a deal (plea agreement) that actually was a done deal; and in fact as the court so clearly put it..."if petitioner's goes back on the deal he will be facing unspeakable dangers". Counsel admitted that he did not think of any criminal history or prior convictions until petitioner was already committed to a plea-negotiation, that he wasn't able to get out of unless he was prepared to accept a life sentence. Further, if we assume an evidentiary hearing support petitioner's claim, counsel failure to understand sentencing guidelines and Career Offenders Act. was prejudicial because counsel underestimated the sentence exposure by 11 years. See Riggs v. Fairman, (9th cir.2005). More further, counsel's failure to discover petitioner's past criminal record was prejudicial because petitioner would have accepted a better plea sentence/ had he known he was subject to a sentence of 40 years to life. See Mask v. McGrinnis, 233 F.3d 132, 142 (2nd Cir.2000). Counsel failure to accurately determine

petitioner's potential sentence exposure was prejudicial because it led petitioner's to reject plea-agreement that was more lenient that ultimate sentence after trial. see sentencing transcript, page 3 line 12 , where counsel admitted "that petitioner would possibly received a more reasonable sentence if he had went to trial, if it wasn't for his mistakes".(sentencing transcript, page 7 ,line 6 . thru 8

The duty to investigate is part of accuser's right to reasonably competent counsel. Indeed, "the principle is so fundamental that failure to conduct a reasonable pretrial investigation is ineffective assistance by counsel, and further a cursory investigation is not automatically justified a reasonably tactical decision with respect to strategy, rather, a reviewing court must consider the reasonableness of the investigation said to support that strategy. Wiggins, supra, 539 U.S. at 527[emphasis added].

Applying the above principle as a guide to determine whether counsel's performance was deficient in this instant case, the Wiggins court found that counsel chose to abandon their investigation... at an unreasonable juncture, making a fully informed decision with respect to strategy impossible. Wiggins supra at page 527-528,539 U.S. That court therefore concluded: counsel's investigation did not reflect reasonable professional judgement. Defense Counsel in this instant case, decided that he would not do a thorough investigation in petitioner's criminal history after defense counsel persuaded petitioner to take a plea of guilty. Counsel admitted that he did not do his job and asked the court to understand.

Attorney Smith, in this instant case failed to utilize the information he had available to him in the records to properly prepare all the facts to work out the plea agreement that would most likely benefit petitioner, yet defense counsel urged petitioner to enter into this blind plea contract, as a result, petitioner's was threaten by the court who made it clear that if petitioner's bailed out of the plea agreement, he will face a life sentence just as it was given to his co-defendant. Any reasonable minded person would be spooked by the court telling him that he would give him a life sentence if he pull-out of the plea agreement. As a result of the threat to petitioner, when called upon by the court to determine whether petitioner's would continue on with the plea agreement that was on the table, petitioner's says yes he would accept the deal because he was afraid because for one, petitioner attorney has long abandon him and jumped ship, so petitioner threw himself to the mercy of the court.

Considering Strickland v. Washington court, thus could not be read to render trial counsel assistance bullet-proof under the Sixth Amendment, merely by saying it was done for strategic reasons, Rather, even assuming that defense counsel in this instant case limited the scope of the investigation for strategic reasons, Strickland, does not establish that cursory investigation automatically justify a tactical decision with respect to strategy Wiggins v. Smith, 539, US 510, 156 L.ed 2d 471, 123 S.Ct.2527.

Petitioner's believe that his defense counsel's actions prejudice him over-all because by not properly investigating petitioner's total criminal history or the guidelines ranges before counsel negotiated a plea deal, and this in fact prejudice defendant.

This action by counsel was deficient performance and it is a reasonable probability that has to exist that petitioner's would not have plead guilty and insisted on a trial because in actuality, its a strong probability he would have received same sentence or less. See Hill v. Lockhart, 474 U.S. 52,59(1985), United States, v. Hansel, 70 F.3d, 6,7,(2nd Cir.1995) See; Moore v. Bryant, 348 F.3d 238, 342-43(7th Cir.2003)"Defendant acceptance of guilty plea for second degree murder based on grossly misleading advice from defendant counsel that defendant would be eligible for parole after seven(7) years was prejudicial because the law actually required mandatory life sentence without possibility of parole") Magna v. Hofbouer, 263 F.3d 542, 551(6th Cir.2001), counsel failure to advise defendant correctly about his sentence exposure was prejudicial because defendant had he known his exposure, defendant would have agreed to spend ten years in prison instead of agreeing to twenty years.

Petitioner's asserted that as a result of counsel Smith, action, he was denied the plea agreement that he reasonably thought he was entering into, no more than 70-80 months. When district court Judge ask Guerrero,how much time do he understand he would face as a result of his actions,he stated that from his understanding he would... only recieve 70-80 months upon information disseminated by Cuerrero's Attorney.But when all was said and done Guerrero was threaten by District court Judge and further coerced by his own attorney to keep plea deal that was on table,He further asserts it was prejudicial, when his own attorney abandon him at one of the most critical points and stages of proceedings.."the law is clear when law states petitioner has a right to have counsel at all stages of court procedings.See

Kirby V.ILL.,406 U.S.682,689(1972).Attorney in instant case admitted on numerous occassions he did a sloppy job in preparing and representing Guerrero ;as a result Guerrero was deprived of substantial rights and a fair plea agreement.Petitioner believe a evidentiary hearing must be held to resolve matters of attorney Smith's actions and lack of actions; as well District Court Judge threatening petitioner Guerrero into taking a no benifit plea agreement even after being aware petitioner was deprived of fundamental rights to be represented at all stages of proceedings by his own attorney,who believe it was necessary to ..... represent Mr.Guerrero at all stages of court proceedings.See Cole V.Ala, 399 U.S. 1,9-10(1970);U.S.V.Wade,388 U.S.218,236-37(1967);Messial V.U.S., 377 U.S.201,206 (1964).Further,the american bar association states the duty of an attorney as follow:

> It is the duty of the lawyer to conduct a prompt investigation of the circumstances of the case and to explore all avenues leading to facts relevant to the merit of the case and penalty in the event of conviction.The investigation should always include effort to secure information in the possesion of the prosecution and law, enforcement authorities,ABA standard 4-41.

Moreover "The investigating process should begin immediately on the appearance as counsel for a defendant"(id)standard 4-41(emphasis added) adequate defense cannot be framed if the lawyer does not know what is likely to develope at trial... In criminal litigation as in other matters the information is the key guide to decision and action. Lawyers who is ignorant of facts of the case cannot serve the client, effectively.Furthermore,the duty to investigate does not depend upon lawyers ability or experience:"the most able and competent lawyer in the world cannot render effective assistance in defense of his client if his lack of preparation for trial results in his failure to learn of readily available facts which might afford his client a legitimate

justifiable defense.Harris v.Blodgette,853 F.supp 1239,1255(WD Wash. 1994) citing Tucker supra,and McQueen v.Swensen,498 F2d.207 ,217 (8th cir.1994)Guerrero contends that his counsel's owed him the client a duty of loyality.Frazer v. U.S. 18 F3d.782.This duty of loyality Guerrero states has been described as perhaps the most basic of counsel's duties.Id.(quoting Strickland 466 U.S.at 692. Thus an attorney who adopts and acts upon a belief that his client should be convicted fail[s] to function in meaniful sense as the government adversary.Osborn v.Shillinger,861 F2d.612,625 (10 cir.1998) (quoting Chronic,466 U.S.at 666)cited with appr. in Frazer ,an attorney who abandon his duty of loyality may be creating a conflict of interest (for which reversal is required .See Boujaily V.U.S.,483 U.S. 171(1987);Faretta V. Cal.,422 U.S. 806,821;U.S v. Swanson ,943 F2d.1070. Guerrero contends here that upon consideration of defense counsel's deficient representation and plain disregard to guerrero's interest that a evidentiary hearing must be held to resolve disputed matters. Guerrero further asserts that under the review of strickland v.Washinton 466 U.S.688,686.ineffective test contemplate deference to strategic decision making;ordinarily when an attorney articulate some strategic reason for a decision the court will defer to that choice but will at some time realize that it is not the role of a reviewing court to engage in monday night quater backing.In instant case the failure of defense consel to follow up investigation of Guerrero's criminal history and guideline range was deficient assistance;and as a result court must hold evidentiary hearing to determine whether these... violations caused overwhelming prejudice to Guerrero;and allowed Guerrero to be sentence,not because he knew he did wrong or because he was a bad person,but because his own attorney abandon him at one

of the critical crucial stages of his prosecution. Wherefore, Guerrero believe court must in the best interest of justice review disputed matters de novo and in the best interest of justice hold a evidentiary hearing to resolve disputed matters.

GROUND THREE:

WHETHER DISTRICT COURT JUDGE'S PRESENTENCE REMARKS CREATED A RISK THAT PETITIONER'S SENTENCE WAS IMPERMISSIBLY UNREASONABLE AND BIAS DUE TO PETITIONER EXECUTING HIS CONSTITUTIONAL RIGHTS?

Petitioner in this instant case, contends that the district court judge presentce remarks and his threats of imposition of maximum sentence if petition's withdraw the plea agreement that was contaminated as a result from defense counsel bad advice an lack of investigation. That created a risk that petitioner sentence was impermissibly enhanced to penalize petitioner for exercising his constitutional rights to withdraw his plea due to his own counsel being ineffective. This action were bias and as a result, petitioner prays that his sentence be overturn and this honorable court re-sentence him to the 70-80 months that petitioner understood from the beginning that would be imposed .

Petitioner further contends that the district court judge erred when the judge considered petitioner's thoughts of withdrawing his plea after petitioner discovered that (he had been tricked into accepting a plea agreement that in fact was not fully informed as a sentence factor to imposed the unreasonable sentence by ignoring the fact that petitioner pleaded to such small amount of drugs that in fact was never found. The court erred in this case because petitioner's had a right to execute his constitutional rights, and not to be penalize

indirectly for exercise said rights. It's clear that the district court judge was penalizing petitioner's for exercising his rights, because the district court judge further stated that; as an after thought, petitioners' a danger to society because (he assumed) that petitioner has made a career out of dealing drugs due to two prior offenses,(that defense counsel failed to contest and were actually questionable).District court judge further made inappropriate remarks that petitioner is a member of a street gang(Latin Kings) which was never supported and was simply hearsay. The judge stated (even though this was inaccurate and unsupported information) he considered given petitioner a harsh penalty, even though petitioner took full responsibility for his actions. Petitioner, also feel that the judge's remarks when petitioner was threaten with a life sentence, Judge stated petitioner was dealing with dangerous grounds if he withdraw his plea, due to no fault of petitioner ....(WAS BIAS).

The judge remarks reference arose in this context of what must reasonably be read as an attempt by the district court judge to threaten and intimidate petitioner into not withdrawing his plea due to the sloppy investigation methods by his own attorney. Petitioner, contend here that the law supports his claim that the vicious statement made by the district court judge in this case were improper and if they appear improper, this court must review these improper comments by the district court judge to see if they were flagrant and warrant reversal.

Now the question here is, was the district court judge comments meant to intimidate petitioner and his attorney? or, were they insolated among a series of improper statements by the district court judge is a matter that the court must review de novo to determine if, and to what limit did such comment prejudiced petitioner by the judge? And did these remarks.....

rendered the sentencing proceedings fundamentally unfair, are mixed question of law and facts which needs to be reviewed de novo.

Petitioner contends here that when reviewing the numerous comments of impropriety in this case together and in the context of the entire sentencing proceedings, a evidentiary hearing is warranted. This must be done because the line between vigorous advocacy and denial of constitutional right; In addition, a fair proceeding is a fine line. District court judge's face the difficult task of walking the line while playing a dichotomy of roles. He must be zealous advocate for justice and enforcer of the law, while at same times acting in a manner that assures a fair and just legal proceeding. The district court judge in this instant failed in his duty to refrain from improper methods with implicit opinions and conclusory assertions.

Base on the foregoing, petitioner moves this Honorable Court to reverse its' judgement and remand this case back for an evidentiary hearing on petitioner's claims of (1) Ineffective Assistance of Counsel , and (2) Judicial Bias,threats, and denial of fundamental constitutional right by the district court judge.

CONCLUSION:

WHEREAS, Petitioner's was cohered by both parties, his attorney whom admitted that he mislead petitioner's with false information concerning both, the sentencing guidelines, and penalty for enhancement. (2) The judge frighten petitioner into keeping an plea that petitioner's never did pleaded to. For the all going reasons, petitioner prays that this honorable court grant this motion.

JUAN GUERRERO

Juan Guerrero

CERTIFICATE OF SERVICE

I, Juan Guerrero , pro Se, petitioner, herein, hereby swear that a true and correct copy of this 2255 motion was mailed on this 19 day of ~~August~~ NOVEMBer to the below party(s)

Donald C. Lockhart

AUSA

50 Kennedy Plaza, 8th Floor

Providence, Rhode Island 02903

/s/ JUAN GUERRERO

Juan Guerrero