**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **JUAN GUERRERO** | ) | |
| | ) | |
| **vs.** | ) | **C.R. No. 05-030L** |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |

## GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION TO VACATE HIS CONVICTION AND SENTENCE PURSUANT TO 28 U.S.C. §2255

### I. INTRODUCTION

The Petitioner, Juan Guerrero (Guerrero), files this motion pursuant to 28 U.S.C. § 2255. In his motion, Guerrero claims his attorney at the time of the entry of his guilty plea did not provide him with effective representation. Guerrero specifically alleges that defense counsel did not properly investigate the nature and extent of his criminal history and/or correctly advise him about the impact of his prior convictions on his potential sentence, leaving Guerrero unaware of the potential consequences of his guilty plea.

The government contends that Guerrero’s claims are without merit. Therefore, the government requests that the motion be denied and dismissed.

## II. TRAVEL AND FACTS

On March 23, 2005, a federal grand jury in the District of Rhode Island returned an indictment charging Guerrero with a single count of conspiring to distribute more than five grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B) and 846. Guerrero subsequently appeared before the United States District Court on September 21, 2005 and, after having been advised of and acknowledging his understanding of the maximum statutory penalties for the offense charged and the terms and conditions of the plea agreement signed by him on September 10, 2005, pled guilty to the single count of the indictment. Subsequent to the defendant's entry of his guilty plea, a probation officer prepared a presentence report which, among other things, identified Guerrero as a career offender. The Court then sentenced the defendant on December 13, 2005 to a term of 188 months incarceration, a five-year term of supervised release and a $100 special assessment.

## III. ARGUMENT

### A. THE LAW OF SECTION 2255 MOTIONS

Section 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court

> was without jurisdiction to impose such a sentence, or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion under 28 U.S.C. § 2255 is a substitute for habeas corpus. Relief is available under this section only if the same relief is available under the writ. Hill v. United States, 368 U.S. 424, 427 (1962). The grounds justifying relief under § 2255 are limited. Section 2255 does not grant to a defendant the right to retry cases in which he has been adjudged guilty. Taylor v. United States, 177 F.2d 194, 195 (4th Cir. 1949).

In United States v. Addonizio, 442 U.S. 178, 184-85 (1979), the Supreme Court stated:

> It has, of course, long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment . . . [U]nless the claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained far more limited . . . The Court has held that an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice'. . . Similar limitations apply with respect to claimed errors of fact.

See also, Davis v. United States, 417 U.S. 333, 346 (1974).

A collateral attack may not do service for an appeal. United States v. Frady, 456 U.S. 152, 165 (1982); Dirring v. United States, 370 F.2d 862, 865 (1st Cir. 1967). To obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on a direct appeal.

The standard of review of a § 2255 motion for alleged trial errors to which no contemporaneous objection was made is not the plain error standard, but the cause and actual prejudice standard. Frady, 456 U.S. at 166-67. A defendant cannot raise in a federal habeas proceeding issues which he failed to raise at trial or on direct appeal absent a showing of cause for the failure and a showing of prejudice. Prou v. United States, 199 F.3d 37, 47 (1st Cir. 1999); Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994).

Section 2255 provides that the Court, after receiving said motion, should hold a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Rule 4 of the Rules Governing Proceedings in the United States District Courts Under § 2255 provides in pertinent part that "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the District Court, the judge shall make an order for its summary dismissal and cause the movant to be notified." The burden is on the movant to prove by a preponderance of the evidence that he is entitled to a hearing. Myatt v. United States, 875 F.2d 8, 11 (1st Cir. 1989).

The First Circuit has stated that no hearing is required where the § 2255 motion: "(1) is inadequate on its face, or (2)

although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case." Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir. 1974); United States v. Carbone, 880 F.2d 1500, 1502 (1st Cir. 1989). Moreover, the First Circuit has also held that "no hearing is required where the district judge is thoroughly familiar with the case." Ouellette v. United States, 862 F.2d 371, 377 (1st Cir. 1988); Panzardi-Alvarez v. United States, 879 F.2d 975, 985 n.8 (1st Cir. 1989). A District Judge's personal observation and recollection of the events may supplement the record. Gregory v. United States, 585 F.2d 548, 550 n.l (1st Cir. 1978); United States v. DiCarlo, 575 F.2d 952, 954-55 (1st Cir. 1978). In considering a motion under § 2255, the District Court should accept the movant's allegations as true "except to the extent they are contradicted by the record, inherently incredible, or conclusions rather than facts." United States v. Mosquera, 845 F.2d 1122, 1124 (1st Cir. 1988).

B. INEFFECTIVE ASSISTANCE OF COUNSEL

The two-part test for evaluating ineffective assistance of counsel claims was established by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 687-688 (1984). A defendant must show both: 1) that his attorney's performance fell below an objective standard of reasonableness; and 2) that he was

prejudiced as a result of his attorney's deficient performance. Id.; Mathews v. Rakiey, 54 F.3d 908, 916 (1st Cir. 1995); Scarpa v. Dubois, 38 F.3d 1, 8-9 (1st Cir. 1994); United States v. Caggiano, 899 F.2d 99, 101 (1st Cir. 1990). The defendant's burden is by the preponderance of the evidence.

With regard to the first element, "[c]ounsel's judgment is subject to highly deferential review," United States v. Gomes, 177 F.3d 76, 83 (1st Cir. 1999) and "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. The defendant must establish that counsel's performance was not within the wide range of reasonable professional assistance. Singleton v. United States, 26 F.3d 233, 238 (1st Cir. 1994). The Court should indulge a "'strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance.'" Singleton, 26 F.3d at 238 (quoting Strickland, 466 U.S. at 689); See also Scarpa, 38 F.3d at 8.

Prejudice exists when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; Gonzalez-Soberal v. United States, 244 F.3d 273 (1st Cir. 2001). Where, as here, the focus of the ineffective assistance claim is defense counsel's performance during the plea process,

the prejudice requirement should be focused on whether counsel's constitutionally defective performance affected the outcome of the plea process. Hill v. Lockhart, 474 U.S. 57, 59 (1985). The petitioner, therefore, must show that, but for defense counsel's errors, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. Id.

C. ISSUES

1. Defendant Was Fully Aware of the Potential Consequences of his Guilty Plea at the Time of the Change of Plea Hearing

Guerrero complains that his attorney failed to fully investigate his criminal history, thereby causing him to be unaware that he would qualify as a career offender and be potentially subject to a longer period of incarceration. Although defense counsel, at the time of the defendant's sentencing hearing, acknowledged his failure to realize and discuss Guerrero's career offender status, a review of the complete record reveals that defense counsel's misstep should not have had any impact on the defendant's decision to enter a guilty plea. Rather, the defendant's own sworn statements during the change of plea hearing clearly establish that he was fully aware of the maximum potential penalty for the offense to which he pled guilty and the fact that the Court could potentially impose a sentence up to and including that maximum.

During the course of the change of plea hearing on September 21, 2005, Guerrero, while under oath and in response to a series of questions from the Court, stated that he had read every word of and fully understood the terms and conditions of the plea agreement that he had entered into with the government (plea transcript @ p. 8). He further affirmed that he had signed the agreement on September 10, 2005, more than ten days before the change of plea hearing, and that he was aware that the plea agreement was not binding on the Court, that is, that the Court would determine what the proper sentence would be in Guerrero's case (plea transcript @ pp. 8-9).

Significantly, the language of the plea agreement, which Guerrero stated he thoroughly reviewed and fully understood, stated that the maximum statutory penalty for the crime to which he was pleading guilty was forty years imprisonment (plea agreement @ p. 4). It also clearly advised the defendant that "the Court may impose any reasonable sentence up to the statutory maximum penalties (plea agreement @ p. 3) and that "the Court is free to impose any sentence it deems appropriate up to and including the statutory maximum" (plea agreement @ p. 6). Finally, the wording of the agreement warned Guerrero that the Court alone would make all sentencing decisions, including the application of the guidelines and the sentence to be imposed, and that he would not be allowed to withdraw his guilty plea if the

sentence imposed by the Court differed from defendant’s expectations (plea agreement @ p. 6).

In light of the Court’s comments to the defendant, the language of the plea agreement, and the defendant’s answers to the Court’s questions, it is abundantly clear that Guerrero was fully informed of and understood the consequences of his guilty plea as of the change of plea hearing. Therefore, his allegation that he would have gone to trial but for his attorney’s failure to warn him of his potential status as a career offender is insufficient to establish prejudice. United States v. Hamilton, 2007 WL 4393257 (10th Cir. 2007); Bethel v. United States, 458 F.3d 711, 718-19 (7th Cir. 2006).

2. Defendant Declined Court’s Invitation to File a Motion to Withdraw His Guilty Plea

Even if the Court accepts Guerrero’s claim that he was not fully aware of what potential sentence he was facing at the time of the change of plea hearing on September 21, 2005, there is no dispute that the defendant was fully informed about both his status as a career offender, and the sentencing consequences of that designation, prior to the December 13, 2005 sentencing hearing. That knowledge did not, however, cause the defendant to change his position regarding his willingness to enter a guilty plea. Rather, when the Court offered the defendant the opportunity to file and litigate a motion to withdraw his guilty plea, the defendant, through counsel, declined and indicated his

desire to proceed with the sentencing hearing (sentencing transcript @ pp. 7-9).

That fact, especially when combined with the defense attorneys willingness to admit his "mistake" and the defendant's previously acknowledged full understanding of the terms and conditions of the plea agreement, also eliminates any claim of the defense attorney having some sort of conflict and/or the defendant being rushed into a plea agreement of which he did not know all of the terms and conditions. Therefore, unlike the defendant in the case of United States v. Colon-Torres, 382 F.3d 76 (1st Cir. 2004), whose attorney disputed the fact that he had erred and to whom the Court did not offer an opportunity to file a motion to vacate, Guerrero cannot establish that any prejudice resulted from his attorney's alleged shortcomings. As a result, Guerrero is not entitled to the relief that he now seeks.

## VI. CONCLUSION

The United States therefore requests that the petitioner's motion be denied and dismissed.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Stephen G. Dambruch

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
RI Bar No. 3309
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tele: (401) 709-5000
Fax: (401) 709-5001
stephen.dambruch@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of January 2008, I caused to be served a copy of the within Government's Response by postage prepaid mail to:

Juan Guerrero
Prisoner No. 33264-013
Federal Correctional Institution, Petersburg
P.O. Box 90043
Petersburg, VA 23804

/s/ Stephen G. Dambruch
_________________________

Stephen G. Dambruch
Assistant U.S. Attorney
RI Bar No. 3309
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tele: (401) 709-5000
Fax: (401) 709-5001
stephen.dambruch@usdoj.gov