IN THE UNITED STATES COURT
FOR THE DISTRICT OF RHODE ISLAND

JUAN GUERRERO

V. CR.# 05-030L

UNITED STATES OF AMERICA,

PETITIONER"S RESPONSE TO GOVERNMENT
MOTION TO VACATE CONVICTION AND
SENTENCE PURSUANT TO 28 USC §2255

Now comes petitioner, Juan Guerrero, pro Se, respectfully moves this Honorable Court to review this petition on ineffective assistance of counsel claim due to the fact that after defense counsel failed to investigate the guidelines, and failed to properly investigate petitioner criminal history, defense counsel allowed petitioner to entered into a blind plea agreement under false information which had petitioner's believed would only bring him 70-80 months. Petitioner received 188 months as a result of actions of defense attorney Smith. Counsel also made statements to petitioner and the court concerning his mistakes, that rendered counsel performance beyond the scope of standard as required under Strickland v. Washington, 466 U.S. 688(1984). As held in Totten v. Merkle, 137 F.3d 1172, 1176(9th Cir. 1998).

In habeas corpus proceeding, an evidentiary hearing is required when the petitioner's allegations, if proven, would establish right to relief..

"Id., at 1176. This is the situation here, petitioner alleged some facts which if true, establish a basis for relief on petitioner's claim that his counsel was ineffective in failing to investigate criminal history, and failed to investigate the guidelines, also in failing to correctly advised petitioner of the impact of the guilty plea.

Petitioner contends that his claims are with merits and therefore request that the government's motion to dismiss be denied.

FACT OF THE CASE

On March 23, 2005, a federal grand jury in the District of Rhode Island, returned an indictment charging Guerrero with a single count of conspiring to distribute more than five grams of cocaine base, in violation of 21 USC §841(a)(1) &(b)(1)(B), and 846.

Guerrero subsequently appeared before the United States District Court on September 21, 2005, for a plea agreement hearing to sign the agreement that was not knowing and voluntary as the facts establish.

On September 10,2005, the probation officer thereafter prepared the presentence report that identified petitioner as a career offender that was discovered on the day of sentencing, which was December 13,2005. The Court sentenced petitioner to 188 months with five years supervised release and $100.00 special assessment.

ARGUMENT I.

PROSECUTIONS FAILURE TO ADDRESS ISSUE OF CONFLICT OF INTEREST OF DEFENSE COUNSEL, AND DANCING AROUND THE ISSUE OF DEFENSE COUNSEL CONCEDING TO FAILING TO PROPERLY REPRESENT PETITIONER. THUS, ITSELF WARRANTS AN EVIDENTIARY HEARING:

The law is clear in the Strickland court. the right to effective assistance of counsel is impaired when defense counsel operates under conflict of interest because "counsel breaches his duty of loyalty, perhaps the most basic of counsel's duties". Strickland 466 U.S. at 692. Further, the two prong test in Strickland, does not apply here in addressing the issue of conflict of interest that lead to this ineffective of assistance claim, but a much lenient standard that does not require prejudice. Thus, conflict of interest warrant automatic reversal of conviction.

Defense counsel Smith admitted that he had mislead petitioner and caused petitioner to enter into a plea that he had understood would bring petitioner 70-80 months, even after any type of enhancements. Further, petitioner was made aware of the 40 years to life in open court after the fact of his original plea. In Wood v. Georgia, 450 U.S. 261, 271(1980); the court made it clear that petitioner has a constitutional right to counsel, free from conflict of interest. Petitioner again believe that the conflict of interest attached at the moment when defense counsel, as an officer of the court "admitted that his client was mislead by him which caused petitioner to entered his plea".

See U.S. v. Swanson, 943 F2d 1070,75--Prosecution failure to address this issue in their response, in fact, demonstrate that the government conceded to this issue and petitioner's believe that in this case, an evidentiary hearing must be held to further resolve this issue so justice will be serve. finally, courts failure to hold a hearing on defense counsel potential conflict of interest, requires an evidentiary hearing to further resolve unsettle issues. See U.S. v. Klit, 156 F.3d 150(2nd Cir.1998).

ARGUMENT II.

PROSECUTION CONCEDED ON ISSUE OF INAPPROPRIATE UNSUPPORTED COMMENTS MADE DURING SENTENCING BY DISTRICT COURT JUDGE "ALLEGATIONS OF GANG AFFILIATIONS AND THE THREAT OF A LIFE SENTENCE IF PETITIONER FAILED TO TAKE THE PLEA DEAL ON THE TABLE".

Petitioner always asserted that he was not a member of any street gang and had supporting evidence to this effect. Petitioner acknowledge that his so-called codefendant could have been a member of the "Latin King", but this does not support any allegations that he ever took any oath to be a "Latin King" or any other gang member. Petitioner don't have tattoos or any other sign to represent this organization. For the court to assume this because petitioner was in a juvenile institution with tons of gang is unfounded. See U.S. v. Elkins, 70 F3d 81(10th Cir.1995). Evidence of petitioner having any gang affiliation elicited but no substance to allegation. Further, the court should not have even entertained such allegation to further enhanced, or build

a case that petitioner was such a danger gang member, whereas petitioner was simply a petty street peddler, with no commitment to a street gang as a member. Further, if you live in a certain environment, there are gang member all around, but yet, that alone does not make you one. see U.S v. Irvin, 87 F.3d 860(7th Cir)(cert denies-519 U.S. 903(1997).

Petitioner believed as a result of the district court judge bias against him and believe he was a gang member where the court failure to limited the unsupported evidence, petitioner was prejudice by this action and was denied his constitutional right to a fair proceedings.

Petitioner believes that he have establish prejudice in this instant case and that an evidentiary hearing must be held as a result of this prejudice and other facts that's out-side of the records. See Boganierer v. U.S., 914 F.2d 165,168(9th Cir.1990).Cert. denied, 499 U.S. 940(1991). Petitioner further states that he is entitle to relief in this instant case.

ARGUMENT III.

GOVERNMENTS ARGUMENT THAT PETITIONER WAS AWARE OF CONSEQUENCES OF HIS GUILTY PLEA, MUST FAIL. BECAUSE PETITIONER COULD NOT HAVE KNOWN, WHERE HIS DEFENSE ATTORNEY FAILED TO KNOW THE CONSEQUENCES THAT PETITIONER FACE BEFORE PETITIONER'S ENTERED INTO THE PLEA.

In this instant case, prosecution would have this Honorable Court to believe that petitioner was aware of the consequences of his original plea of guilty; prosecution will also have the

court to believe that an experience defense attorney(as defense attorney Smith) mistake were harmless and unprejudicial to the out-come of this case. Defense attorney failed to investigate about the guidelines, and had petitioner to believed he would only received 70 to 80 months, where as stand, defense counsel did no investigation in this case, allowed petitioner to enter in the deal. Defense counsel later admitted that what he(defense counsel) done, was bad advice, and had petitioner went to trial, petitioner had a better chance, because he would have gotten the same sentence. U.S. v. Goins, 51 F.3d 400(4th Cir.19950.

Petitioner substantial rights were violated in this instant case and therefore constitute reversal error. Defense counsel failure, as well as the district court failed to advised petitioner during the plea negotiation that petitioner's would also be enhanced as an career offender. Petitioner, assert, how could he have known the consequences of his plea at the time he accepted the deal that would bring him 70-80 months, when his own attorney did not know, and in fact, asked the court to forgive him for not knowing?. Defense attorney representation fell below an objective standard of reasonableness because he failed to investigate before allowing petitioner to enter into the plea agreement. Then after it was discovered that counsel made this very crucial mistake, counsel done nothing to prevent petitioner from getting 188 months. Counsel simply convince petitioner that this mistake of his was harmless, and to accept the plea, because if he don't, the judge will give him life.

Petitioner believe that if it was not for the deficient investigation and counsel failure to understand the guidelines, that there is a reasonable probability, the result of proceedings would have been different.

Petitioner contends that contrary to prosecution argument, petitioner asserts that he would have insisted on going to trial had he known at the time of negotiation he wasn't going to received 70 to 80 months.

The sixth amendment to the U.S.constitution provides that in criminal prosecution, the accused shall have the right to assistance of counsel for his defense . the United States Supreme Court has held that this include the right to effective assistance of counsel. McMann v. Richardson, 397 U.S. 759,771 n.14(1970).

As the government put it, "counsel missteps should not have had any impact on petitioner's decision to enter a guilty plea". This remark is crazy, why would a defendant, who know nothing about the legal system, who is a foreign descent, enter into any type of plea without the advice of his attorney? thus, make no sense, and for the prosecution to make this petitioner's fault is crazy. Attorney didn't simply misstep, he in fact failed to do what he was trained to do. Counsel admitted that he dropped the ball, and now the government want to court to believe it was nothing, and means nothing to violate petitioner constitutional right to be represented with quality representation.

## ARGUMENT IV

### PETITIONER ONLY DECLINED THE COURT'S INVITATION TO WITHDRAWN GUILTY PLEA BECAUSE THREATS OF A LIFE SENTENCE AND ATTORNEY BAD LEGAL ADVICE.

Initially before December 13,2005, petitioner was not aware of his status as a career offender until at sentence. This was not spoken of when the court requested a PSI report, nor at any other time. This was well establish in open court when attorney Smith stated;"I failed to advise my client of the career offender act" and asked the court to forgive me"...that throughout his entire career, he never did this before. In addition, the court during sentencing, gave attorney Smith the opportunity to break down to petitioner the career offenders acts, and then told counsel that in fact, petitioner's could withdraw his plea. Defense attorney told petitioner don't worry about this, just go along with the original plea and counsel would appeal against this matter. Defense Counsel also told petitioner," if you go against the judge, you will get a life sentence. Petitioner was very confused as to what to do. His own attorney abandon him, and the court threaten to give him a life sentence, so petitioner accepted the deal. U.S. v. Gray, 63 F.3d 57 (1st Cir.1995) a defendant who did not understand the application of the mandatory minimum could withdraw his plea.

The law is clear when there is a miscarriage of justice, the district court will set aside a guilty plea. See U.S. v. David, 954 F2d 182, 184-85. as in this case, it is clear that there was

a miscarriage of justice, especially after defense counsel admitted he did a poor job. See Moore v. Bryant, 348 F.3d 238,242-43(7th Cir.2003) ineffective assistance of counsel if counsel told petitioner he would receive 70-80 months if he accepted the plea, but come back later and say "oh, I forget about the enhancement, now you face 188 months. U.S. v. Ritsema, 89 F.3d 392(7th Cir. 1996); a court could not ignore a previously adopted plea agreement at sentencing. Further U.S. v. McMullen, 86 F.3d 135, 137(8th Cir.1996); district court's failure to determine whether defendant choice of plea was prejudiced by counsel's error regarding possible sentencing warranted evidentiary hearing because petitioner believe these matter are still not settle. U.S. v. Streater 70 F.3d 1314, 1318(D.C.1995); (guilty plea was not knowing and voluntary because induced by counsel's faulty legal advice regarding elements of possible defense).

Petitioner further argue the fact that the prosecution is correct in its' analyses that in U.S. v. Colon-torres, case, 382 F3d 76(1st. Cir 20040, However, the attorney in this instant case failed to argue his mistakes or position. Why, because counsel acknowledge that he dropped the ball, and petitioner was left with a no win situation because counsel failed to investigate the guidelines or even to properly gather important information about his own client before allowing him to enter to the deal he optimately enter into, knowing( upon his own admitting) that petitioner had a better chance if he went to trial. Prosecution again has conceded that petitioner own attorney did in fact

deprive petitioner of his constitutional right to be represent by counsel at all stages of prosecution. Petitioner believe that in light of the deficient representation of his own attorney, that his plea be vacated and he be given an opportunity to be represented by new counsel with an evidentiary hearing.

## CONCLUSION

It is true that the constitution does not guarantee "a right to counsel with whom the accused has a meaningful attorney client relationship". Morris v. Slappy, 461 US. 1,3-4(1980)(where defendant has falling out with his attorney based on factors that do not involve any identifiable, objective misconduct by his attorney, there is no ineffective assistance of counsel). However, it does protect a defendant from an attorney who is prejudiced against him or where his performance may be deficient because of prejudice. The right to counsel guaranteed by the constitution contemplate the service of an attorney devoted solely to the interest of his client undivided allegiance and faithful devoted service to a client are prized traditions of the American lawyer. It is the kind of service which the Sixth Amendment makes provision. Attorney Smith.dropped the ball and petitioner should not have to suffer for these mistakes of defense attorney, who has fails the tradition of the American attorneys along with petitioner.

THEREFORE, petitioner pleas must be vacate and this case remanded for further instruction.

CERTIFICATE OF SERVICE

I, Juan Guerrero, pro Se, petitioner herein, hereby swear that a true and correct copy of this "RESPONSE TO GOVERNMENT MOTION" was mailed on this 7th day of February, 2008. to the below party at:

Stephen G. Dambruch
assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

/s/ Juan Guerrero

Juan Guerrero
Reg.# 33264-013
FCI Medium
P.O.Box 90043
Petersburg, Va.23804