UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JUAN GUERRERO<br>Defendant. | Criminal Case Nos. 20-CR-012 WES<br>05-CR-030-WES |

UNITED STATES' MEMORANDUM ADDRESSING WHETHER THE COURT CAN CONSIDER EVIDENCE SEIZED IN VIOLATION OF FOURTH AMENDMENT IN DETERMINING WHETHER DEFENDANT COMMITTED VIOLATION OF SUPERVISED RELEASE

Now comes the United States, by and through its attorneys, Richard B. Myrus, Acting United States Attorney for the District of Rhode Island, and Stacey P. Veroni, Assistant United States Attorney, and submits this memorandum addressing the issue of whether evidence later suppressed on a pretrial motion, but considered by a Magistrate Judge in finding a Defendant guilty of violations of supervised release, can be considered by the District Court Judge in determining whether to adopt the report and recommendation of the Magistrate Judge.[1] As the government will argue below, in reviewing the Magistrate Judge's report and recommendation, this Court can consider the evidence that a Magistrate Judge relied on in finding a defendant in violation of the conditions of his supervised release even if this Court later suppressed that evidence after ruling that it was seized in violation of the Fourth Amendment.

TRAVEL OF CASE

On October 21, 2019, the Defendant was arrested by the Providence Police Department and charged with eluding law enforcement in a high-speed pursuit and resisting arrest.[2] Defendant

---

[1] R. & R., filed by Magistrate Judge Lincoln Almond, C.A.05-00030 WES-LDA, March 23, 2020. *See* ECF No. 72.
[2] State of Rhode Island 6th Division District Court case 61-2019-11828.

appeared before the Court on October 23, 2019, on an arrest warrant issued on October 21, 2019 charging that Defendant violated conditions of supervised release.[3] On February 11, 2020 and March 9, 2020 an evidentiary hearing was held on charges that alleged Defendant was in violation of supervised release for Violation No. 1 (resisting arrest and high-speed eluding) and Violation No. 2 (felon in possession of ammunition).[4] Magistrate Judge Almond presided over the hearing and found that the Defendant knowingly and unlawfully possessed ammunition both when he fired a handgun in the parking lot of the Laundry World Laundromat\ and also when he possessed the ammunition in a backpack in his car. The Magistrate Judge likewise found that the Defendant resisted arrest.[5]

On June 3, 2020, the Defendant filed a motion to suppress all items seized from the BMW he was driving after he was stopped in the early morning hours of October 21, 2019. The Defendant argued that the search and seizure were in violation of the Fourth Amendment. See ECF No. 7. The Court heard testimony on the Defendant's motion on October 29, 2020 and arguments of counsel on November 2, 2010. The evidence seized from the car consisted of a backpack, 9-millimeter ammunition, an ammunition clip, and plastic gloves. On January 21, 2021, this Court issued an opinion and order granting defendant's motion to suppress on the basis that the search of the Defendant's vehicle violated the Fourth Amendment. See ECF No. 17. On February 8, 2021, the government filed a motion to reconsider the Court's January 21, 2021 decision (see ECF No. 24) and the Defendant filed an objection on February 16, 2021 (see ECF No. 26). On February 26, 2021 the Court denied the motion to reconsider in relevant part, and issued an amended opinion and order granting the Defendant's motion to suppress. See ECF Nos.

---

[3] C.A.05-00030 WES-LDA, see ECF No. 53, 1-2.
[4] C.A.05-00030 WES-LDA, see ECF No. 72, R. & R., 2.
[5] C.A.05-00030 WES-LDA, see ECF No. 72, 9. The Court did not find Defendant guilty of High-Speed Eluding.

27 & 28.

During a telephonic chambers conference held before the Court issued its amended opinion and order, the Court asked the parties to brief whether the Court could consider the ammunition, which it had at that point already decided to suppress (ECF No. 17) in determining whether to adopt Magistrate Judge's Report and Recommendation. The Magistrate Judge recommended that the Court find the defendant guilty of Resisting Arrest and being a Felon in Possession of Ammunition.[6]

STANDARD OF PROOF AT SUPERVISED RELEASE HEARING, RULES OF EVIDENCE AND EXCLUSIONARY RULE

The burden is on the government to prove by a preponderance of the evidence that a defendant has violated the terms and conditions of his supervised release. United States v. Frederickson, 988 F.3d 76 (1st Cir 2021) ( citing United States v. Marino, 833 F.3d 1, 8 (1st Cir. 2016)).  The United States maintains that the exclusionary rule does not apply to evidence considered in determining whether to revoke a defendant's supervised release.

The Supreme Court has "repeatedly declined to extend the exclusionary rule to proceedings other than criminal trials." Pennsylvania Bd. of Prob. & Parole v. Scott, 524 U.S. 357, 258 (1999) (holding that the exclusionary rule does not apply in state parole revocation hearings).

Although the First Circuit Court of Appeals has not squarely addressed the issue nearly every other Circuit Court of Appeals has concluded that the exclusionary rule does not apply in the supervised-release context absent police harassment.  See United States v. Hightower, 950 F.3d 33, 38 (2d Cir. 2020) ("we hold that the exclusionary rule does not apply in revocation of federal supervised release proceedings"); United Sates v. Armstrong, 187 F.3d 392 (4th Cir. 1999)

---

[6] C.A.05-00030 WES-LDA, see ECF No. 92, R. & R. 1.

(Court found exclusionary rule did not apply in federal supervised release hearing, and upheld district court's finding of supervised release violation where Defendant was charged with drug and firearms offenses even though court had granted motion to suppress evidence during car stop.); United States v. Montez, 952 F.2d 854, 860 (5th Cir 1992) (exclusionary rule does not apply in supervised release revocation hearings absent a showing of harassment by police); United States v. Blackshear, 1 F.3d 1242 ( 6th Cir. 1993); United States v. Phillips, 914 F.3d 557, 559 (7th Cir. 2019) ("If the Supreme Court found the added deterrence benefits insufficient to justify the exclusionary rule in a parole hearing, logic compels the conclusion that the same result must apply for supervised release.") (citing Scott, 534 U.S. at 364); United States v. Charles, 531 F.3d 637, 640 (8th Cir. 1978) (exclusionary rule does not apply in supervised release revocation); United States v. Hebert, 201 F.2d 1103 (9th Cir 2000); (exclusionary rule does not apply to supervised release revocation hearings); United States v. Hill, 946 F.3d 1239 (11th Cir. 2020) (declining to apply exclusionary rule to supervised release revocation proceeding, court observed that the United States Supreme Court has "repeatedly declined to extend the exclusionary rule to proceedings other than criminal trials.") (quoting Scott, 534 U.S. at 369).

Although the Third Circuit has not addressed the application of exclusionary rule in a violation of supervised release hearing, it has declined to apply the rule to a probation revocation hearing. United States v. Bazzano, 712 F.2d 826 (3d Cir. 1983). The Tenth Circuit has found that the exclusionary rule does not apply to probation or parole revocation proceedings. United States v. Finney, 897 F.2d 1047 (10th Cir. 1990).

Furthermore, the District of Massachusetts and the District of Puerto Rico have also held that the exclusionary rule is not applicable in supervised release revocation hearings. *See* United States v. Gravina, 906 F.Supp. 50, 55 (D. Mass. 1995) ("The exclusionary rule does not apply to

4

supervised release revocation hearings, absent evidence of police harassment or other misconduct, and does not bar the admission of evidence seized in violation of the Fourth Amendment.") United States v. Jimenez-Torrez, CR. No 06-135(PG), 2010 WL 2650318, at *4 (D.P.R. June 30, 2010) ("The Court sees no reason to disagree with the majority position of the Circuit Courts and the prior holding of our sister court, the District of Massachusetts.  Therefore, we also hereby hold that the exclusionary rule does not apply to supervised release revocation hearings and does not forbid the use of evidence obtained in violation of the Fourth Amendment in such proceedings.")

The reasoning for not applying the exclusionary rule to revocation of supervised release hearings is explained by the court in Gravina:

> [T]he crucial goals of supervised release and probation—the reintegration into society of its nonconforming members and the protection of the public from criminals—outweighs whatever marginal and speculative deterrent effect the imposition of the exclusionary rule may have.

Gravina, 906 F.Supp. at 53.

As stated, although the First Circuit has not squarely addressed the issue before this Court, the First Circuit has accepted that evidence introduced at a revocation of supervised release hearing "need not satisfy the tests of admissibility set forth in the Federal Rules of Evidence, which do not apply," as long as the evidence is reliable.  United States v. Portalla, 985 F.2d 621, 622 (1st Cir. 1993); *see also* United States v. Lowenstein, 108 F.3d 80, 83 (6th Cir. 1997).  (The First Circuit has accepted that hearsay evidence may be admissible at a violation hearing provided the court determines that the interest of justice does not require the witness to appear); United States v. Marino, 833 F.3d 1 (1st Cir. 2016) (Court "should balance rights of the defendant against government's good cause for denying confrontation").  The First Circuit has also held that a defendant may be in violation of supervised release for committing conduct for which a defendant

5

was acquitted without violating principles of collateral estoppel.  <u>United States v. Frederickson</u>, 988 F. 3d 76 (1st Cir. 2021).

## CONCLUSION

In sum, the weight of authority, including the guidance of the First Circuit, the United States Supreme Court's decision in <u>Scott</u>, the overwhelming consensus of the Circuit Courts of Appeals, and decisions of the District Courts of Massachusetts and Puerto Rico, supports the view the government has urged this Court to adopt.  That is, the Court should decline to apply the exclusionary rule to the evidence the Magistrate Judge considered in recommending that Defendant be found in violation of the terms of his supervised release.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorney,

RICHARD B. MYRUS
Acting United States Attorney

/s/ Stacey P. Veroni
STACEY P. VERONI
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5032
Fax (401) 709-5001
Email:  Stacey.veroni@usdoj.gov

## CERTIFICATE OF SERVICE

     I hereby certify that on this 15th day of March 2021, I caused the within United States' Memorandum to be electronically filed with the United States District Court for the District of Rhode Island, using the CM/ECF System.

                                            /s/ Stacey P. Veroni
                                            STACEY P. VERONI
                                            Assistant U.S. Attorney
                                            U.S. Attorney's Office
                                            50 Kennedy Plaza, 8th FL
                                            Providence, RI 02903
                                            Tel (401) 709-5032
                                            Fax (401) 709-5001
                                            Email:  Stacey.veroni@usdoj.gov